UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WALTER WOOLFOLK,

           Plaintiff,

v.                                          Case No. 3:05-cv-320-J-20MMH

W. WHITEHURST AND
JAMES V. CROSBY, JR.,

           Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff is an inmate incarcerated at Union Correctional Institution (hereinafter UCI) who is proceeding *pro se* and *in forma pauperis*. He initiated this action by filing a Complaint for Civil Rights Violations (Doc. #1) (hereinafter Complaint). Plaintiff names W. Whitehurst, the warden of UCI, and James V. Crosby, Jr., the Secretary of the Florida Department of Corrections, as the Defendants in this action. Plaintiff claims that his rights under the Equal Protection Clause are being violated because his wife is not permitted to visit him. He contends that the denial of visitation is racially motivated because he is African-American and his wife is Caucasian.

Plaintiff grieved this issue in 2002, when he was incarcerated at Washington Correctional Institution. From a review of the grievances appended to the Complaint, it is clear that the Central Visitation Authority denied authorization for Mrs. Woolfolk to be

included on Plaintiff's visitation list because she had attempted to introduce contraband into Baker Correctional Institution when Plaintiff had been confined there during a previous period of incarceration. Plaintiff contends that his wife never attempted to introduce contraband. He claims that the "Defendants know, or should know, that a factual and truthful basis for denial of visitation between Plaintiff and his wife did not exist and does not exist, and that said denial denies and deprives Plaintiff of the Equal Protection of the law. . . ." Complaint at 5.

Upon review of the Complaint, it is clear this case is due to be dismissed as frivolous. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

Here, it appears that Plaintiff is attempting to hold the Defendants liable on the basis of respondeat superior.

> "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); <u>Gonzalez</u>, --- F.3d at ----, 2003 WL 1481583, at *4 (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability). Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. <u>Gonzalez</u>, --- F.3d at ----, 2003 WL 1481583, at *5; <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990).

<u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff has failed to allege that either Defendant personally participated in any unconstitutional conduct. As an initial matter, the Central Visitation Authority was the entity that denied authorization for Mrs. Woolfolk to be included on Plaintiff's visitation list. Plaintiff does not allege that either Defendant was a member of the Central Visitation Authority. Furthermore, the allegedly fabricated charge of attempted introduction of contraband against Plaintiff's wife occurred at Baker Correctional Institution and Plaintiff grieved the denial of his visitation at Washington Correctional Institution. Therefore,

there is no reason to suspect that Defendant Whitehurst, the warden of UCI, participated in fabricating the charge against Mrs. Woolfolk or in denying Plaintiff's administrative grievances. In fact, Plaintiff does not allege that either Defendant was involved in the fabrication of the charge or that either Defendant participated in the denial of his grievances.[1] In sum, Plaintiff has failed to allege any causal connection between the named Defendants and any constitutional deprivation.

Furthermore, Plaintiff has not exhausted any claims against the named Defendants. On April 26, 1996, the President signed into law the Prison Litigation Reform Act, which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Pursuant to 42 U.S.C. § 1997e(a), this Court has an independent duty to review the Complaint to ensure Plaintiff has

---

[1] From a review of the grievances appended to the Complaint, it is clear that neither Defendant personally responded to any of the grievances.

fully exhausted all of his claims against each Defendant. See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003) (finding that the Prison Litigation Reform Act's exhaustion requirement is not an affirmative defense, but rather must be pled by the inmate in his complaint and verified via written documentation, and failure to do so is tantamount to failing to state claim upon which relief may be granted); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998) (finding that district courts should *sua sponte* enforce the exhaustion requirement imposed by the Prison Litigation Reform Act with regard to actions by prisoners challenging prison conditions, if not raised by the defendant).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326).

> In <u>Alexander v. Hawk</u>, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:
>
>> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."
>
> 159 F.3d at 1327 (quoting <u>Kobleur v. Group Hospitalization & Medical Services, Inc.</u>, 954 F.2d 705 (11th Cir. 1992)). Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him.

<u>Brown v. Sikes</u>, 212 F.3d 1205, 1208 (11th Cir. 2000). Thus, in <u>Brown</u>, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity

of those directly involved in the alleged deprivations, as the prisoner reasonably can provide." Id. at 1210.

From a review of the copies of the grievances Plaintiff appended to his Complaint, it is apparent that Plaintiff failed to name either Defendant in his administrative grievances. Clearly, Plaintiff has not exhausted any claims against the Defendants named in this action. For this additional reason, this case will be dismissed without prejudice.[2]

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, and close this case.

3. The **Clerk of Court** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to refile his claims in a separate action, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In refiling, Plaintiff shall **either** file a fully completed "Prisoner Consent Form and

---

[2] Plaintiff may resubmit his claims in a separate action in this Court after he has fully exhausted each claim against each appropriate defendant through the grievance procedure available to him.

Financial Certificate" and "Affidavit of Indigency" (if Plaintiff desires to proceed as a pauper) **or** pay the $250.00 filing fee (if Plaintiff does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 11/21
c:
Walter Woolfolk
Assistant Attorney General Sean F. Callaghan

- 8 -